# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Crim. No. 96-00085-04-CR-W-FJG ) |
| BRYAN E. SHEPPARD, | ) ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is the Government's Motion for Discovery Schedule for Sentencing Hearing (Doc. # 521); Sheppard's Motion and Amended Motion to Correct Sentence in Light of Apprendi and Jones (Doc. # 522, 524); Sheppard's Motion Requesting that 1997 Base Offense Level Calculation Be Declared Unconstitutional and Recalculated (Doc. # 523) and Sheppard's Motion for Hearing (Doc. # 529).

**I.     Motion to Correct Sheppard's Sentence in Light of Apprendi & Jones[1].**

On August 25, 2014, the Court granted Sheppard's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to the Supreme Court's decision in Miller v. Alabama, 567 U.S. __, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012) holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"

---

[1] Sheppard filed an initial Motion to Correct his Sentence on September 26, 2016 and an Amended Motion to Correct his Sentence on September 28, 2016. The Court has reviewed both motions, and finds them to be substantively identical. Thus, the motions are considered and discussed together.

Sheppard was born on March 5, 1971, thus he was 17 years and 8 months old on November 29, 1988, the date of the crime. Sheppard argues that his conviction is not final until after he is resentenced and therefore, his sentence must be corrected in light of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). Sheppard argues that in these cases the Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. 530 U.S. at 489. Sheppard argues that he was sentenced to term of life imprisonment without the possibility of parole even though the jury was not instructed that it must find beyond a reasonable doubt that his conduct directly and proximately resulted in death. Sheppard argues that "[s]ince 'death' was not included in the instructions nor found by the jury to have been the proximate result of death the only sentence allowed now may not exceed ten (10) years." (Motion to Correct, p. 7). Sheppard argues that:

> At his sentencing in 1997, Judge Stevens sentenced Bryan Sheppard to life. The sentence was not based on a finding made by a jury beyond a reasonable doubt. Instead, it was based on the Judges' finding that the arson was the proximate cause of death. Judge Stevens made this finding by a preponderance of the evidence. The jury was not permitted to deliberate on the very facts that were then used to aggravate the sentence from a maximum of ten (10) years to a maximum of mandatory life in prison. Therefore, the Court must vacate the unconstitutional sentence, and enter a sentence, consistent with the law.

(Motion to Correct, p. 9).

In response, the Government argues that "[t]he defendant's motion completely ignores the record of this case which included a signed waiver by the defendant of 'any

right we have to any jury determination on the sentencing in this case and consent to sentencing by the court.'" (Government's Response, p. 1). The Government also states that the identical issue based on <u>Apprendi</u> and <u>Jones</u> was raised in defendant's original §2255 petition and was rejected by the Court. The Government points to the portions of the trial transcript where Bryan Sheppard waived his right to be sentenced by a jury:

Mr. O'Connor: Yes, Your Honor, at this time, on behalf of Bryan Sheppard, we are going to waive the jury sentencing and leave it with the Court. I believe Mr. Bryan Sheppard has been previously under oath and I would just ask him if he agrees with my decision to waive jury sentencing and leave the sentencing with His Honor, Judge Stevens.

Do you agree with that, Bryan Sheppard?

Defendant Bryan Sheppard: Yes, I do.

The Court: I would be more comfortable if you would say, Mr. Sheppard, and it is up to you, not that it was Mr. O'Connor's decision but you made the decision based on his recommendation, is that correct?

Defendant Bryan Sheppard: Yes.
. . .

The Court: I had one more question I wanted to ask Mr. Bryan Sheppard. Do you understand, Mr. Sheppard, that there are no constraints or restrictions or parameters on the potential sentencing the Court might assess in this case in this procedure that you are now agreeing to.

Defendant Bryan Sheppard: Yes, I do.

The Court; And do you understand that after a presentence investigation, after a report of a presentence investigation, which I will order at this proceeding, concludes, after a report of that investigation that I would then be, under the law, at liberty to sentence you pursuant to the jury verdict to life imprisonment or a term of years without any further restraints or conditions?

Defendant Bryan Sheppard: Yes, I do.

(Tr. 3937-3938). Additionally, Bryan Sheppard signed a written waiver of jury sentencing:

The Court: . . . We had prepared a written form of waiver of this part of this matter and I am going to ask the clerk to hand it to Mr. Bryan Sheppard and then to Mr. George Frank Sheppard. And you may each execute as I proceed down the list.

(Transcript, p. 3942).

In his reply suggestions, Sheppard states, "[i]t goes without saying that this "waiver" is only as to the identity of the person(s) announcing and imposing the sentence, and does not waive elements of the arson statute, nor waive the burden of proof under the arson statute from 'beyond a reasonable doubt' down to 'preponderance'." (Sheppard's Reply Suggestions, p. 8). Sheppard goes on to state that the "waiver" does not waive Apprendi, Jones or Alleyne being applied to Bryan Sheppard's case because those precedents did not exist at the time of his trial. But Sheppard argues that they exist now, and it is uncontroverted by the Government that they apply to his re-sentencing. Their application mandates a maximum sentence of 10 years, which Sheppard states he has already served. (Reply Suggestions, p. 8). In support of this argument, Sheppard cites United States v. Lara-Ruiz, 721 F.3d 554, 557-558 (8th Cir. 2013).

The Court finds that Sheppard's Motion to Correct His Sentence should be denied for three reasons. First, this issue has already been raised, considered and denied. In his first §2255 motion, the second claim raised was that Sheppard's conviction "must be vacated, or at least his sentence must be corrected, in light of the Supreme Court's recent decisions in Apprendi v. New Jersey and Jones v. United States, which hold that constitutionally, any fact which increases the statutory maximum punishment for an offense must be pled in the indictment, submitted as an element in the jury instructions, and found by a jury beyond a reasonable doubt (rather than the

4

trial judge at sentencing by a preponderance)." (Case No. 00-993, Motion to Vacate and Set Aside Conviction, Doc. # 1). On July 11, 2003, the Court denied this ground for relief, finding that neither Apprendi nor Jones warranted retroactive application. Additionally, the Court found that because this issue was not raised on direct review it was waived. The Court also found that "although the Court need not reach the issue here, the Court notes that petitioner at trial signed a written waiver of the right to a sentencing determination by the jury. Consequently, having carefully reviewed the record, the relevant law, and the parties' submissions, the Court finds that the dictates of Apprendi and Jones do not mandate petitioner's sentence be vacated or corrected. Therefore, petitioner's motion as it concerns this issue will be denied." (Doc. # 7, pp. 6-7). Sheppard filed a Motion for a Certificate of Appealability with the Eighth Circuit, but the Court denied his motion.

Consistent with this Court's earlier denial of this issue, the Eighth Circuit has determined that other cases extending Apprendi, such as Alleyne also do not apply retroactively. In Walker v. U.S., 810 F.3d 568 (8th Cir.) cert. denied, 136 S.Ct. 2042 (2016), the Court stated:

> '[T]he Supreme Court has not made Apprendi retroactive to cases on collateral review.' Abdullah v. United States, 240 F.3d 683, 687 (8th Cir.2001), and has 'decided that other rules based on Apprendi do not apply retroactively on collateral review.' Simpson, 721 F.3d at 876 (citing Schriro, 542 U.S. at 349, 358, 124 S.Ct. 2519, in which the Supreme Court determined the extension of Apprendi to judicial factfinding in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), did not apply retroactively). The circuit courts have repeatedly followed suit. See, e.g. Olvera, 775 F.3d at 731 & n. 16; In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005). In concluding Alleyne does not apply retroactively, the circuit courts have reasoned, 'If Apprendi . . .does not apply retroactively, then a case extending Apprendi should not apply retroactively.' Hughes, 770 F.3d at 818.

5

Id. at 575.

Secondly, the Court finds that the motion should be denied because in Sheppard's Application for Leave to File a Second or Successive Motion which was filed with the Eighth Circuit on March 26, 2013, the *only* issue which Sheppard sought permission to raise was: "Should this Court authorize Movant to file a second or successive motion under 28 U.S.C. §2255 so that Movant may raise a claim under Miller v. Alabama, 132 S.Ct. 2455 (2012), a retroactively applicable new rule of law that may entitle Movant to a lesser sentence?" The Eighth Circuit granted the petition for authorization to file the successive habeas petition on September 9, 2013, and on September 24, 2013, Sheppard filed his second §2255 motion, which raised *only* the claim which the Eighth Circuit had granted him permission to raise: "Because Miller is Retroactive to Cases on Collateral Review and Applies to Mandatory Guideline Determinations, Movant is Entitled to be Resentenced as His Prior Sentence Was Under a Guideline Mandating a Life Term of Imprisonment." (Case No. 13-935, Doc. # 1). Sheppard may not now attempt to insert into this case additional claims which he has already raised in his previous §2255 motion and which were rejected by the Eighth Circuit. Additionally, the Court finds that these arguments are outside the scope of the claim that the Eighth Circuit granted movant permission to proceed on, which relates only to the application of Miller v. Alabama, 132 S.Ct. 2455.

Finally, the Court finds that the motion should be denied because the waiver remains valid. In Smith v. United States, No. 5:13CV63, 2016 WL 1734097, (N.D.W.Va. May 2, 2016), the defendant waived his right to a jury trial and requested a bench trial. The defendant argued that he was unaware of Alleyne and Apprendi at the time of his trial

and that if he had known of the precedent, he would not have waived his right to trial by jury and his waiver was therefore unknowing and involuntary. Id. at *2. However, the Court disagreed and found that Alleyne does not apply retroactively and Apprendi does not apply because Smith waived his right to a jury trial. The Court also found that Smith failed to show how his being unaware of how Apprendi might have affected his potential sentence resulted in his waiver not being knowing and voluntary. Id. at *3. The Court found in that case that Smith filed a motion for a bench trial, the government consented, Smith signed a written waiver of his right to a jury trial and the Court held a hearing and found that the waiver was knowing and voluntary. Similarly, in the instant case, the Court inquired as to whether it was Sheppard's decision to have the Court determine the sentence, the Court questioned Mr. Sheppard to insure that he understood the ramifications of this decision and Sheppard also signed a written waiver of his right to be sentenced by a jury.

Sheppard argued in his reply suggestions, that the waiver did not waive Apprendi, Jones or Alleyne because those precedents did not exist at the time of Sheppard's sentencing. But, he argues they exist now and in other cases Alleyne has been applied to defendants who have been resentenced. However, in Lara-Ruiz, 721 F.3d 554, the case Sheppard cites, the Court found that Alleyne applied on resentencing, only because the case was pending before the Eighth Circuit on direct review at the time that the Supreme Court handed down the Alleyne decision. In Heizman v. United States, No. 14-CV-97-W-DGK-P, 2014 WL 3907783, (W.D.Mo. Aug. 11, 2014), the Court stated, "[n]ew constitutional rules generally do not apply retroactively to cases on collateral review, like this one. . . . The Supreme Court has not stated that the Alleyne

7

holding applies retroactively to cases on collateral review. Because Alleyne was released in 2013, after Heizman's direct appeal became final in 2011, it does not apply to Heizman's case now." Id. at *3. See also Baker v. United States, No. 4:14-CV-0481-DGK, 2015 WL 58610 (W.D.Mo. Jan. 5, 2015)("Alleyne does not apply retroactively because the Supreme Court made no such pronouncement in its decision, and the Supreme Court has *explicitly* held that Alleyne's progenitor, Apprendi v. New Jersey, 530 U.S. 466 (2000), is not retroactive."). Sheppard's case was not pending on direct review at the time that the Alleyne decision was handed down by the Supreme Court in June 2013. Thus, the Court finds that Alleyne has no application to Sheppard's case. Sheppard's habeas petition was granted because the Supreme Court declared that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller, 132 S.Ct. 2455,2460. The Supreme Court provided a list of various factors which courts should consider when sentencing juveniles. These are the factors which this Court will focus on in re-sentencing Bryan Sheppard.

Accordingly, for these reasons, the Court hereby **DENIES** Sheppard's Motion and Amended Motion to Correct Sentence in Light of Supreme Court's Decisions in Apprendi and Jones (Docs. # 522, 524) and **DENIES** Sheppard's Motion for Hearing on the Motion to Correct Sentence (Doc. # 529).

**II. Motion to Request that 1997 Base Offense Level Calculation Be Declared Unconstitutional and Then Re-Calculated in Light of Miller, Apprendi & Jones.**

Sheppard has also filed a motion requesting that the 1997 Base Offense Level Calculation be declared unconstitutional as applied and re-calculated in light of

8

Apprendi and Jones. Sheppard argues that the base offense level calculation must be based on what the jury convicted him of, and cannot be based on elements which were never submitted to the jury. Because he was convicted of aiding and abetting arson which destroyed property, Sheppard argues that this base offense level must conform to the conviction. In opposition, the Government argues that pursuant to Miller, the resentencing of Sheppard will be focused on the factors relating to his status as a juvenile at the time he committed the crime. There is nothing in the calculation of the guidelines that would be "unconstitutional" as applied at the resentencing hearing. The Court finds it unnecessary to reiterate the reasoning discussed above. Accordingly, for the same reasons addressed above, the Court hereby **DENIES** Sheppard's Motion that the 1997 Base Offense Level Be Declared Unconstitutional (Doc. # 523).

### III. Government's Motion for Discovery Schedule

On July 14, 2016, the Court entered a schedule directing counsel to file their witness lists, exhibit lists and sentencing memorandums with the Court on or before January 6, 2017. The Government states that in order to comply with the order, it needs to know which witnesses defendant intends to call and what exhibits defendant intends to offer at the hearing, so that it may determine whether it will be necessary to present any rebuttal evidence. The Government requested that defendant provide this discovery in advance of the January deadline. Sheppard's counsel responded stating that she can meet the January deadline, but is unable to provide the information to the Government in advance of that deadline. Accordingly, the Court hereby **GRANTS IN PART** the Government's Motion for Discovery Schedule (Doc. # 527). As previously ordered, Sheppard shall file his witness list, exhibit list and sentencing memorandum with the

Court on **January 6, 2017**. The Court extends the Government's deadline by one month. The Government shall file its witness list, exhibit list and sentencing memorandum on **February 6, 2017**.

Accordingly, for the reasons stated above, the Court hereby **GRANTS IN PART** the Government's Motion for Discovery Schedule for Sentencing Hearing (Doc. # 521); **DENIES** Sheppard's Motion and Amended Motion to Correct Sentence in Light of Apprendi and Jones (Doc. # 522, 524); **DENIES** Sheppard's Motion Requesting that 1997 Base Offense Level Calculation Be Declared Unconstitutional and Recalculated (Doc. # 523) and **DENIES** Sheppard's Motion for Hearing (Doc. # 529).

Date: December 15, 2016         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
       United States District Judge