# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 96-00085-04-CR-W-FJG |
| BRYAN E. SHEPPARD, | ) ) ) |
| Defendant. | ) |

## ORDER

Currently pending before this Court is Bryan Sheppard's Motion for Early Termination of Supervised Release (Doc. # 608).

On June 12, 1996, Bryan Sheppard along with four other defendants were indicted on the charge of aiding and abetting an act of arson to property used in interstate commerce causing death to six Kansas City, Missouri firefighters who had been dispatched to the fire. Bryan Sheppard and his co-defendants were convicted on February 26, 1997. On July 2, 1997, Bryan Sheppard was sentenced to a life term of imprisonment and restitution in the amount of $536,000. On March 3, 2017, the Court granted Bryan Sheppard's Motion to Vacate, Set Aside or Correct Sentence in light of the Supreme Court's decision in Miller v. Alabama. The Court re-sentenced Sheppard to a term of 20 years' imprisonment, followed by supervised release for a term of five years. Bryan Sheppard began his term of supervised release on March 6, 2017.

Sheppard states that since his release from prison he has been employed as an independent contractor, has worked to reintegrate into the community and has not had a single violation of his supervision. He states that he pays ten percent of each

paycheck towards his restitution balance. Sheppard states that the current terms of his supervision interfere with his ability to work with vendors like Lowe's and Home Depot, which he needs to do in order to continue developing construction projects. He states that the terms of his probation are prohibiting his professional growth by denying him the ability to build credit.

The Probation Office filed a Memorandum stating that although the defendant has made a satisfactory adjustment to supervision, it has not been extraordinary and there is no compelling reason to grant his motion for early termination. The Government concurs with the recommendation of the Probation Office.

The Court has the authority to terminate a term of supervised release any time after the expiration of one year. The statute states in part:

> The Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)-
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

Although it is commendable that defendant is employed and has not violated the conditions of his release, this is nothing more than what is required and expected. Early discharge from supervised release is a rarity and is only appropriate to account for new or unforeseen circumstances that were not initially contemplated. After reviewing the factors mentioned by the statute and considering the recommendation of the Probation

Officer, the Court finds that Bryan Sheppard has failed to demonstrate sufficient reasons for the early termination of his Supervised Release. Accordingly, the Court hereby **DENIES** Bryan Sheppard's Motion for Early Termination of Supervised Release (Doc. # 608).


Date: <u>May 25, 2021</u>                  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                                            United States District Judge